O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J D FACTORS, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br> v.<br><br>REDDY ICE HOLDINGS INC., a Delaware corporation,<br><br>    Defendant. | Case No. CV 14-06709 DDP (FFMx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Dkt. No. 20] |

  Presently before the court is Defendant Reddy Ice Holdings Inc. ("Reddy")'s Motion to Dismiss. Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I. Background**

  Plaintiff is in the business of "factoring." (First Amended Complaint ("FAC") ¶ 11.) Plaintiff advances funds to its clients in exchange for its clients' accounts. (Id.) Plaintiff then notifies its clients' account debtors that all payments owed to the client should instead be paid directly to Plaintiff. (Id.)

On September 15, 2010, Plaintiff purchased accounts from a client, Harry Group, Inc. ("Harry Group"). (Compl. ¶ 12.) Defendant Reddy was one of Harry Group's clients and account debtors. (Id. ¶ 14.) Plaintiff sent notice of the assignment to Reddy in January 2011. (Id. ¶ 15.) Reddy made payments to Plaintiff between January 2011 and April 2014. (Compl. ¶ 27.) The FAC is somewhat unclear, in that it alleges that Plaintiff received payment on invoices issued to Reddy by Reddy. (Compl. ¶ 17.) It appears, however, that the FAC refers to invoices paid by Reddy and issued by Harry Group. (FAC, Ex. D). In any event, the FAC alleges that Reddy stopped making payments to Plaintiff, and has not yet paid on invoices for April through June 2014. (Id.) Plaintiff therefore filed the instant complaint, bringing causes of action for breach of contract, account stated, and services rendered. Reddy now moves to dismiss.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion

2

1  "are not entitled to the assumption of truth." <u>Id.</u> at 679.  In
2  other words, a pleading that merely offers "labels and
3  conclusions," a "formulaic recitation of the elements," or "naked
4  assertions" will not be sufficient to state a claim upon which
5  relief can be granted.  <u>Id.</u> at 678 (citations and internal
6  quotation marks omitted).

7  "When there are well-pleaded factual allegations, a court should
8  assume their veracity and then determine whether they plausibly
9  give rise to an entitlement of relief." <u>Id.</u> at 679.  Plaintiffs
10 must allege "plausible grounds to infer" that their claims rise
11 "above the speculative level."  <u>Twombly</u>, 550 U.S. at 555.
12 "Determining whether a complaint states a plausible claim for
13 relief" is a "context-specific task that requires the reviewing
14 court to draw on its judicial experience and common sense." <u>Iqbal</u>,
15 556 U.S. at 679.

**III. Discussion**

17       As an initial matter, the court notes that Plaintiff appears
18 to misapprehend the proper legal standard, citing exclusively to
19 pre-<u>Iqbal</u> and non-binding authorities.  The court proceeds to
20 analyze the viability and plausibility of each of Plaintiff's
21 claims, in turn.

22       A.   Breach of Contract

23       The elements of a breach of contract claim are (1) the
24 existence of a contract, (2) performance or excuse for
25 nonperformance, (3) defendant's breach, and (4) damages.  <u>Oasis
26 West Realty, LLC v. Goldman</u>, 51 Cal.4th 811, 821 (2011).

27       Notably, Plaintiff's breach of contract claim does not allege
28 that Reddy breached a contract with Harry Group, nor that Plaintiff

1  stands in Harry Group's shoes.  See Genesis Merchant Partners, LP
2  v. Nery's USA, Inc., No. 11-cv-1589-JM, 2013 WL 2895002 at *9 (S.D.
3  Cal. July 26, 2013) ("An assignee under a contract 'stands in the
4  shoes' of an assignor with rights and remedies subject to the
5  defenses that may be asserted against the assignee by the
6  obligor."). While Plaintiff's opposition to the instant motion
7  makes some reference to standing in Harry Group's shoes, the FAC
8  does not. Instead, Plaintiff's FAC alleges that upon notifying
9  Reddy of Harry Group's assignment, a contract was formed directly
10 between Plaintiff and Reddy. (FAC ¶ 24.)
11     "An essential element of any contract is the consent of the
12 parties, or mutual assent." Donovan v. RRL Corp., 26 Cal.4th 261,
13 270 (2001). Plaintiff does not dispute that Reddy never assented
14 to any agreement with Plaintiff. Rather, Plaintiff appears to
15 contend that because Harry Group's accounts were transferred
16 pursuant to Article 9 of the Uniform Commercial Code, a contract
17 was automatically formed between Plaintiff and Reddy, regardless of
18 consent. (Opp. At 7-9.) The only case cited by Plaintiff,
19 however, does not support that proposition. To the contrary, the
20 court in ImagePoint, Inc. v. JPMorgan Chase Bank, N.A., 27
21 F.Supp.3d 494, 505 (S.D.N.Y. 2014) stated that the obligation at
22 issue in that case was not created by Article 9 of the UCC, but
23 rather by a separate, direct agreement between the parties.
24     Because Plaintiff has failed to allege the existence of a
25 contract between itself and Reddy, the First Cause of Action is
26 dismissed.
27 ///
28 ///

4

B.   Account Stated

The elements of claim for an account stated are "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due." <u>Zinn v. Fred R. Bright Co.</u>, 271 Cal.App.2d 597, 600 (1969).

It has not escaped the court's notice that, in reciting the elements of the claim, Plaintiff's opposition misquotes <u>Truestone, Inc. v. Simi West Industrial Park II</u>, 163 Cal. App. 3d 715, 725 (1984). Plaintiff's misquotation omits the crucial element of an agreement between the parties regarding the amount owed. (Opp. at 10.) Whether a product of carelessness or deliberate obfuscation, this court will not tolerate such practices.

Regardless, the FAC fails to allege facts establishing the elements of an account stated claim. While Plaintiff's opposition does conclusorily assert that the elements are adequately alleged, the Second Claim for Relief makes no reference to any agreement between the parties, let alone an agreement regarding a specific amount due. The claim is dismissed.

C.   Services Rendered

Unlike Plaintiff's breach of contract claim, the services rendered claim does appear to allege that Plaintiff is standing in Harry Group's shoes. (FAC ¶ 38.) The FAC alleges that Harry Group performed services for Reddy and that Reddy has refused to pay for services in the amount of $157,525.49. (FAC ¶¶ 37, 40-41.) The FAC does not allege, however, that Reddy ever requested any services from Harry Group. <u>See</u> Judicial Council of California

Civil Jury Instruction 371 (listing elements of common count for services rendered claim, including a request by defendant that a plaintiff perform services for the defendant's benefit). Accordingly, the Third Cause of Action is dismissed.

**IV. Conclusion**

For the reasons stated above, Reddy's Motion to Dismiss is GRANTED. Plaintiff's First Amended Complaint is DISMISSED, with leave to amend. Any amended complaint shall be filed within ten days of the date of this Order. Plaintiff's counsel is cautioned that any further material misquotations may result in sanctions.

IT IS SO ORDERED.

Dated: February 12, 2015

DEAN D. PREGERSON
United States District Judge