O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

J D FACTORS, LLC, a               )   Case No. CV 14-06709 DDP (FFMx)
California limited liability      )
company,                         )
                                 )   **ORDER GRANTING DEFENDANT'S MOTION**
                 Plaintiff,      )   **TO DISMISS IN PART AND DENYING IN**
                                 )   **PART**
      v.                         )
                                 )
REDDY ICE HOLDINGS INC., a       )
Delaware corporation, et         )
al.,                             )   [Dkt. No. 32]
                                 )
                 Defendants.     )
                                 )
                                 )
_____  )

     Presently before the court is Defendant Reddy Ice Holdings Inc. ("Reddy")'s Motion to Dismiss Plaintiff's Second Amended Complaint.  Having considered the submissions of the parties, the court grants the motion in part, denies the motion in part, and adopts the following Order.

**I.   Background**

     Plaintiff is in the business of "factoring."  (Second Amended Complaint ("SAC") ¶ 11.)  Plaintiff advances funds to its clients in exchange for its clients' accounts.  (Id.)  Plaintiff then

notifies its clients' account debtors that all payments owed to the client should instead be paid directly to Plaintiff.  (Id.)

On September 15, 2010, Plaintiff agreed to purchase accounts from a client, Harry Group, Inc. ("Harry Group").  (SAC ¶ 12.) Defendants (collectively, "Reddy") were Harry Group's clients and account debtors.  (Id. ¶ 14.)  Plaintiff alleges, on information and belief, that "there were agreements between Defendants and Harry Group for Harry Group to provide transportation, logistics, distribution and other services to Defendants."  (Id. ¶ 15.)

Plaintiff sent a notice to Reddy, signed by Harry Group, explaining that "all present and future amounts owing to Harry Group were assigned and were to be paid directly to Plaintiff." Plaintiff sent notice of the assignment to Reddy in January 2011. (Id. ¶ 16.)  All of the "invoices factored/purchased by Plaintiff and sent to Reddy" similarly stated that, "This invoice has been assigned to and must be paid to J D Factors, LLC."  (Id. ¶ 17.) Reddy paid Plaintiff on Harry Group invoices until approximately March 2014.  (Id. ¶ 18.)

Reddy allegedly did not pay on invoices dated between April and June 2014.  Plaintiff now brings causes of action against Reddy for breach of contract and services rendered.  Harry Group is not a party to this action.  Reddy now moves to dismiss the SAC.

**II.  Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must

"accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679.  In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted.  Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679.  Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

   A.   Breach of Contract

   The elements of a breach of contract claim are (1) the existence of a contract, (2) performance or excuse for nonperformance, (3) defendant's breach, and (4) damages. Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011); See also

3

Rockridge Trust v. Wells Fargo, N.A., 985 F.Supp.2d 1110, 1141. A contract may be either express or implied. Cal. Civil Code § 1619. "A cause of action for breach of implied contract has the same elements as does a cause of action for breach of contract, except that the promise is not expressed in words but is implied from the promisor's conduct." Yari v. Producers Guild of Am., Inc., 161 Cal.App.4th 172, 182 (2008). Here, although not entirely clear from the SAC, it appears that Plaintiff's references to "agreements between Defendants and Harry Group" implicate express contracts. Defendants contend that Plaintiff has failed to allege the existence of a contract.

A complaint for breach of contract must include the contract itself or plead its essential terms. See Gross v. Symantec Corp., No. C 12-00154 CRB, 2012 WL 3116158 at *11-12 (N.D. Cal. July 31, 2012). Although, contrary to Defendants' argument, a contract need not necessarily be pled verbatim, a complaint must include the essential terms or legal effect of the contract sufficient to provide the defendant with notice of the contract allegedly breached. Unichappell Music, Inc. v. Modrock Production, Inc., No. CV 14-2382 DDP, 2015 WL 546059 at *2 (C.D. Cal. Feb. 10, 2015);

Here, the SAC does not include any contract itself. Indeed, the SAC does not specify how many contracts are allegedly at issue. The SAC alleges, based on information and belief, that "an agreement and/or agreements existed between Defendants and Harry Group wherein Harry Group would provide . . . transportation, logistics, distribution, and other services . . . ." (SAC ¶ 27.) The SAC suggests that multiple contracts are at issue, alleging

that "[t]he contracts were evidenced by invoices . . . ," several of which are attached to the SAC as exhibits. (Id.)

As Plaintiff itself recognizes, under California law, invoices are not contracts. See C9 Ventures v. SCV-West, L.P., 202 Cal. App. 4th 1483, 1501 (2012). At the same time, however, virtually all of the terms of the alleged contract are drawn from the invoices. The only alleged terms of the contract, or contracts, independent of the invoices are that Harry Group "would supply services at Defendants' request" and Defendants' assumption of a "material obligation . . . for payment." (Opposition at 13.) These vague allegations are insufficient to put Defendants on notice of the contract, or contracts, at issue, or the essential terms and legal effect of any such agreements. Indeed, as Plaintiff's Opposition appears to acknowledge, the SAC does not even indicate how many contracts are at issue or whether those alleged contracts were written or oral. (Opp. at 1 ("The subject contract or contracts were for transportation services. The agreements may, in fact, have been oral.")) The specifics of the alleged contracts, however, including the nature of the services provided, the payment period, and the amount to be paid, are all drawn solely from invoices. (Opp. at 13:9-14.) Plaintiff cannot make an end run around California law by asserting that the invoices merely "support the plausibility of this alleged agreement" and then relying upon the invoices themselves to supply the terms of a supposed contract. (Opp. at 13:9.)

Aside from terms provided in the invoices, which are not contracts, the SAC alleges only, upon information and belief, that Harry Group agreed to provide services and Defendants undertook

5

some obligation to pay.  Such allegations are insufficient to plead the essential terms or legal effect of a purported contract. Despite having amended its complaint several times, Plaintiff has not adequately alleged the existence of a contract.  Accordingly, Plaintiff's breach of contract claim is dismissed, with prejudice.

B.   Services Rendered

In California, a common count for services rendered requires a plaintiff to show (1) that the defendant requested that the plaintiff perform services for the defendant's benefit; (2) that plaintiff performed the services as requested; (3) that defendant has not paid for the services; and (4) the reasonable value of the services provided.  Judicial Council of California Civil Jury Instruction 371.  In dismissing Plaintiff's First Amended Complaint, this court noted that Plaintiff had failed to allege that Reddy ever requested any services from Harry Group.  (Dkt. 25 at 5.)  The SAC, however, does now allege that Reddy requested services from Harry Group, including transportation, logistics, and distribution services.  (SAC ¶¶ 27, 41.)

Defendants further contend that Plaintiff cannot bring a services rendered claim because it was only assigned the right to payments due to Harry Group.  Indeed, the Notice of Assignment Plaintiff sent to Reddy states only that Harry Group "assigned to J D Factors, LLC all present and future amounts owing by [Reddy] to [Harry Group].  (SAC, Ex. C.)[1]  As this court noted in connection

---

[1] Reddy also cites generally to Exhibit A to the SAC, the Factoring and Security Agreement between Plaintiff and Harry Group. That agreement, however, appears to make several references to the assignment of accounts and buying and selling of accounts in their entirety, as opposed to simply accounts receivable.

with the First Amended Complaint, however, Plaintiff does allege that it stands in Harry Group's shoes for purposes of the services rendered claim.  The SAC further alleges that Plaintiff was assigned all of Harry Group's accounts, that Plaintiff purchased Harry Group accounts, that Harry Group retained no interest in the accounts, and that Plaintiff was the owner of the accounts.  (SAC ¶¶ 29, 32, 43.)  At the motion to dismiss stage, the court accepts these allegations as true.  Defendants' motion is therefore denied with respect to the services rendered claim.

**IV.  Conclusion**

For the reasons stated above, Reddy's Motion to Dismiss is GRANTED in part and DENIED in part.  Plaintiff's breach of contract claim is DISMISSED, with prejudice.  The motion to dismiss is denied, however, with respect to Plaintiff's claim for services rendered.

IT IS SO ORDERED.

Dated: June 6, 2016

DEAN D. PREGERSON
United States District Judge

7